David M. FOSTER, Plaintiff–Appellee,

v.

Lawrence J. WALSH, Clerk, Akron Municipal Court, et al., Defendants–Appellants.

No. 88–3256.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 8, 1988.

Decided Dec. 14, 1988.

Frank C. Rote, III (argued), Akron, Ohio, for David M. Foster, plaintiff-appellee.

Cheri B. Cunningham, Rhonda L. Hendricks, Director of Law, Akron, Ohio, for Lawrence J. Walsh, Clerk, Akron Mun. Court, defendant-appellant, Charles D. Parke, Referee, Akron Mun. Court, defendant, Akron Mun. Court, defendant-appellant.

Before LIVELY and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Pursuant to an outstanding warrant issued by the Akron Municipal Court, plaintiff David Foster was arrested by the state police for failure to pay a traffic fine. The warrant was issued in error, the fine already having been paid.

Mr. Foster sued the Akron Municipal Court and two of its officers in federal court under 42 U.S.C. § 1983. The defendants moved to dismiss on a variety of grounds, among them that the officers (the court clerk and a referee) enjoyed absolute immunity from suit. The district court dismissed the case against the referee, but declined to dismiss the remaining defendants. The latter took an immediate appeal pursuant to *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

Concluding that the court clerk is protected by the doctrine of absolute judicial immunity and that the complaint fails to state a claim against the municipal court, we shall reverse the judgment and direct a dismissal as to both defendants.

## I

On October 16, 1984, plaintiff David Foster was arrested for driving an automobile while his license was suspended. Mr. Foster appeared at the Akron Municipal Court on November 28, 1984, to respond to the charge. Referee Charles D. Parke found him guilty and imposed a fine. The fine was not paid.

On March 13, 1985, Referee Parke and Akron Municipal Court Judge Joseph D. Roulhac signed an order directing Mr. Foster to show cause why he should not be held in contempt for failing to pay the fine. The show cause order stated that "Failure to appear or make full payment of $104.00 on or before March 26, 1985, will result in a warrant for your arrest." Mr. Foster paid the fine a week before the deadline, but a bench warrant apparently was issued anyway.

The state police stopped Mr. Foster for speeding on October 11, 1986. A computer check showed that his driver's license had been suspended and that there was an outstanding Akron Municipal Court warrant for his arrest. Mr. Foster was searched, arrested, and taken to a police station. Unable to make bond, he was detained for 14 hours until his father bailed him out.

Young Foster appeared before Referee Parke on October 14, 1986. A review of the court file at that time disclosed that the fine had been paid. The referee dismissed the charges and cancelled the bond.

Mr. Foster thereafter sued the referee, the clerk of the municipal court, and the court itself. Count one of the complaint alleged that the defendants had violated Mr. Foster's rights under the Fourth, Fifth, and Fourteenth Amendments; relief was sought under 42 U.S.C. § 1983. Counts two and three of the complaint set forth false arrest and negligence claims under Ohio law.

The municipal court and its clerk, Lawrence Walsh, moved for dismissal under Fed.R.Civ.P. 12(b)(6). Referee Parke filed a separate motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The district court denied the 12(b)(6) motion, but granted Referee Parke's motion for judgment on the pleadings. The municipal court and its clerk have appealed; there has been no cross-appeal as to the referee.

## II

It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967) (judges); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir.1973) (municipal court clerk). It is equally clear that judges and other court officers are not absolutely immune from suits based on performance of non-judicial functions. *Forrester v. White*, 484 U.S. 219, ——, 108 S.Ct. 538, 544–545, 98 L.Ed.2d 555, 566 (1988). The question presented here, therefore, is whether the issuance of a warrant for Mr. Foster's arrest was a judicial function or a non-judicial function.

Most courts that have addressed this issue have held that a clerk who issues a warrant at the direction of a judge is performing a function to which absolute immunity attaches. *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir.1988); *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir.1980). The mere fact that an error is made in carrying out the judge's instruction is immaterial.

Whether an act is judicial in character does not depend on whether it is discretionary. The appropriate inquiry is "whether the function in question is a 'truly judicial act [ ]' or an 'act [ ] that simply happen[s] to have been done by judges.'" *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428 (6th Cir.1988), quoting *Forrester*, 484 U.S. at ——, 108 S.Ct. at 544, 98 L.Ed.2d at 565. We have no diffi-

culty concluding that the issuance of the warrant for Mr. Foster's arrest, even though non-discretionary, was a "truly judicial act." Because Clerk Walsh enjoyed absolute immunity from suit in connection with the issuance of the arrest warrant, he was entitled to the dismissal he sought.

### III

■ Although Mr. Foster argues that this court's jurisdiction is limited to the qualified immunity issue, it is clear that in a case appealed under *Mitchell v. Forsyth* we may consider other issues as well. *Carlson v. Conklin*, 813 F.2d 769, 770–71 (6th Cir.1987). We therefore proceed to address the claim brought against the Akron Municipal Court.

42 U.S.C. § 1983 provides that

"Every *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." (Emphasis added.)

Those courts that have considered the matter seem to have held unanimously that a court is not a "person" within the meaning of that term as used in § 1983. See, *e.g., Coopersmith v. Supreme Court, State of Colorado*, 465 F.2d 993, 994 (10th Cir.1972); *Zuckerman v. Appellate Division, Second Department, Supreme Court of State of New York*, 421 F.2d 625, 626 (2d Cir.1970); *Rothstein v. Montana State Supreme Court*, 638 F.Supp. 1311, 1312 (D.Mont.1986); *Louis v. Supreme Court of Nevada*, 490 F.Supp. 1174, 1180 (D.Nev.1980); *Hamilton v. Covington*, 445 F.Supp. 195, 199 (W.D.Ark.1978) (county "quorum court"); *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D.La.1976), *aff'd without opinion*, 537 F.2d 1141 (5th Cir.1976) (Louisiana Supreme Court); *County of Lancaster v. Philadelphia Electric Company*, 386

F.Supp. 934, 940 (E.D.Pa.1975) (Pennsylvania Supreme Court); *Quadra v. Superior Court of City and County of San Francisco*, 378 F.Supp. 605, 609 (N.D.Cal.1974); *Harris v. Louisiana State Supreme Court*, 334 F.Supp. 1289 (E.D.La.1971); *Schackman v. Arnebergh*, 258 F.Supp. 983, 993 (C.D.Cal.1966), *appeal dismissed*, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865 (1967) (municipal court).

Although most of these decisions antedate *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978), where the Supreme Court read § 1983 as extending to municipal corporations, we believe the cited decisions are still sound. *Monell* relied in part on the Dictionary Act, which explicitly provided that "the word 'person' may extend and be applied to bodies politic and corporate." *Id.* at 688, 98 S.Ct. at 2034. Since municipal corporations were generally regarded as "persons" in the 1860s, when the Civil Rights Act was passed, they were held to be "persons" within the reach of § 1983, the current embodiment of the Civil Rights Act. *Id.* at 688–89, 98 S.Ct. at 2034–35. There is not a hint in *Monell* that a *court* is a "person" within the meaning of § 1983. The issue was not raised before the Supreme Court in *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), which was essentially a suit to enjoin the Chief Justice of Virginia from enforcing unconstitutional rules. *Id.* at 737 n. 16, 100 S.Ct. at 1977 n. 16. See *Consumers Union v. American Bar Assn.*, 427 F.Supp. 506, 509 n. 4 (E.D.Va.1976), *vacated sub nom. Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).

It cannot seriously be argued that an Ohio municipal court is indistinguishable from the municipal corporation in which it sits. The Akron Municipal Court is part of the Ohio state court system, established by the Ohio state legislature. Ohio Rev.Code § 1901.01. It is subject to the supervision of the Ohio Supreme Court. Ohio Const., Art. IV, § 5. The municipal court may not be abolished by the city council, nor may

the council expand or restrict the court's jurisdiction. See *State ex rel. Cherrington v. Hutsinpiller,* 112 Ohio St. 468, 147 N.E. 647 (1925). The territorial jurisdiction of the Akron Municipal Court is not coextensive with the city limits of Akron. Ohio Rev.Code § 1901.02(B). The employees of the Akron Municipal Court are not city employees subject to the authority of the Akron Civil Service Commission. *Dugan v. Civil Service Commission of Akron,* 9 Ohio App.3d 218, 459 N.E.2d 618 (1983).

■ Moreover, § 1983 does not impose liability on local governments under the principle of *respondeat superior;* a § 1983 plaintiff suing a governmental defendant must allege and prove the existence of a policy or custom of violating individuals' rights. See *Monell,* 436 U.S. at 691–92, 98 S.Ct. at 2036–37; *Pembaur v. City of Cincinnati,* 475 U.S. 469, 477–81, 106 S.Ct. 1292, 1297–99, 89 L.Ed.2d 452 (1986). In the case at bar there is no allegation of any municipal court policy or custom of issuing warrants for the arrest of traffic violators who have already paid their fines. The failure to plead the existence of such a policy or custom, coupled with the fact that the court is not a "person" under § 1983, makes the complaint fatally defective.

## IV

Because all of the plaintiff's federal claims must be dismissed, the pendent state claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

The judgment of the district court is REVERSED, and the case is remanded to the district court with instructions to dismiss the complaint as to both of the remaining defendants.