876 F.2d 895
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence WASHINGTON, Plaintiff-Appellant,
v.
SHELBY COUNTY, TENNESSEE, Joseph B. Mccarte, Betty Jones,
Defendants-Appellees.
 No. 88-6321.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1989.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's judgment dismissing his complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Clarence Washington is an inmate at the Tennessee State Penitentiary in Nashville. In his civil rights complaint, he alleged that defendants, a judge and a court reporter, violated his constitutional rights by refusing to provide him with a copy of the transcript from his criminal trial. He claimed that he needed the transcript to support his application for post-conviction relief. Washington requested injunctive, declaratory and monetary relief. Asserting a defense of judicial immunity, defendants filed a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6); defendants' motion was granted.
 
 
 4
 Upon review, we conclude that judgment for defendants was proper because no genuine issue of material facts exists and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984). See also Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (when matters other than the pleadings are relied upon to dismiss a case, the dismissal is viewed as a summary judgment).
 
 
 5
 First, defendants were entitled to absolute judicial immunity from suit for damages because they acted within the scope of their official duties. See King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, 474 U.S. 971 (1985); Green v. Maraio, 722 F.2d 1013 (2d Cir.1983) (a court reporter is entitled to judicial immunity for actions taken pursuant to a judge's orders). See also Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir.1988) (clerk also immune from actions taken pursuant to court order). Contrary to Washington's assertions, the judge did not act in clear absence of all jurisdiction. See King, 766 F.2d at 965.
 
 
 6
 Second, Washington was not entitled to injunctive or declaratory relief under 42 U.S.C. Sec. 1983.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation