886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Plaintiff-Appellant,
v.
Maxine DALTON; Christopher E. Veidt; James E. Stilwell,
Defendants-Appellees.
 No. 89-3011.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Vernon E. Rodman appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. Rodman alleged that the defendant state court judge, prosecutor and court clerk refused to file his criminal complaint and affidavit "charging 96 people with criminal conspiracy...." The district court granted the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Upon consideration, we conclude that the dismissal was proper.
 
 
 3
 First, defendants are entitled to absolute immunity from suit for damages for the quasi-judicial act or failure to act alleged. See Butz v. Economou, 438 U.S. 478, 513-14 (1978) (prosecutor); Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (judge); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (per curiam) (clerk). Second, plaintiff's conclusory allegations do not state a claim upon which injunctive relief can be granted. See Parker v. Turner, 626 F.2d 1, 6-8 (6th Cir.1980) (citing O'Shea v. Littleton, 414 U.S. 488 (1973)). Therefore, defendants' motion to dismiss was properly granted.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.