892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton BOND, Plaintiff-Appellant,
v.
Jesse W. GRIDER, Defendant-Appellee.
 No. 89-5851.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Bond appeals pro se from the district court's order dismissing Bond's action which was originally filed as a civil rights case. 42 U.S.C. § 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bond is a prisoner at the Luther Luckett Correctional Complex in LaGrange, Kentucky. The defendant is the federal district court clerk in Louisville, Kentucky. In his complaint, Bond alleged that the defendant violated Bond's first amendment right of access to the courts by refusing to accept documents for filing and by failing to provide information concerning Bond's pending cases. Bond requested $100,000.00 in damages.
 
 
 3
 The district court dismissed the case because a federal official is not subject to suit under § 1983. See Hall v. United States, 704 F.2d 246, 249 n. 1 (6th Cir.), cert. denied, 464 U.S. 1002 (1983). This holding is correct; however, pro se civil rights complaints are held to a less stringent standard than the formal pleadings drafted by a lawyer. Haines v. Kerner, 404 U.S. 519, 520 (1972). Bond may bring a cause of action against a federal official directly under the Constitution. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Because the district court could have construed the complaint to state a Bivens case, we will not affirm the order of the district court on the basis of its reasoning.
 
 
 4
 Nevertheless, a decision below must be affirmed if correct for any reason, including a reason not considered by the lower court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Here the defendant is entitled to an immunity defense. Court officers receive absolute immunity from liability for damages on claims arising out of the performance of judicial functions. Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (per curiam). The appropriate inquiry is whether the function in question is a truly judicial act or an act that simply happens to have been performed by court officers. 864 F.2d at 417.
 
 
 5
 In the present case, Bond alleged that the defendant failed to docket documents and failed to give information about pending cases. These actions are truly judicial functions. Therefore, the defendant is entitled to absolute immunity from liability for damages.
 
 
 6
 The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.