895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Jerry WILLIAMS, Plaintiff-Appellant,
v.
CARTER COUNTY TENNESSEE; Luther McKeehan; David Crockett;
Arden Hill, Defendants-Appellees.
 No. 89-5733.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 David Jerry Williams, a pro se Tennessee prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Williams alleged that the defendants have not acted upon a petition for post-conviction relief that he filed with the Carter County Criminal Court in November 1987, and that the defendants had not yet scheduled the matter for an evidentiary hearing. The district court sua sponte dismissed the complaint finding that the judge and prosecutor are absolutely immune from suit, that the clerk was entitled to quasi-judicial immunity, and that Williams had made no specific factual allegations against the defendant Carter County. The court later denied reconsideration of its order.
 
 
 3
 Upon review, we affirm the district court's judgment for slightly different reasons. Initially, we note that the district court did not specifically cite to 28 U.S.C. Sec. 1915(d) when it dismissed the complaint sua sponte as required by Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). We conclude, however, that Tingler was not applicable to this case because the complaint was so attenuated as to deprive the district court of subject matter jurisdiction. See Hagins v. Lavine, 415 U.S. 528, 536-37 (1974).
 
 
 4
 In this case, Williams is basically complaining that the defendants have not yet conducted an evidentiary hearing in his case and that they have not yet rendered a decision. The district court's dismissal was proper as to the clerk (McKeehan) because he is not responsible for conducting hearings nor is he responsible for rendering decisions. Likewise, the district attorney (Crockett) is not responsible for conducting hearings or rendering decisions; and Crockett is also entitled to absolute immunity because inaction in the judicial process is a judicial function to which immunity attaches. And while Judge Hill is responsible for the omissions complained of, such acts are clearly within the scope of his judicial duties for which he is immune from suit for money damages. See Forrester v. White, 484 U.S. 219, 224 (1988); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir.1989); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (per curiam). Moreover, the dismissal of Carter County was proper because Williams did not allege that the delay in processing his petition was caused by a policy or custom of the county. See Monell v. Department of Social Services, 436 U.S. 658, 691-92 (1978).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.