932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas ROBINSON, Plaintiff-Appellant,
v.
Daphene CAWTHORNE, Deputy, Helen J. Garofalo, Clerk, Carol
Edwards, Jodi McIntee, Deputy Clerk, John Haas, Judge, Dawn
Turpin, Supervisor, Margie Davies, Deputy Clerk, Irene B.
Smart, Judge, Norman J. Putman, Judge, John R. Hoffman,
Judge, Defendants-Appellees.
 NO. 90-4013.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thomas Robinson, a pro se Ohio resident, appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Robinson filed his complaint in the district court alleging that the defendant state court judges and court personnel conspired to deprive him of his right to appeal a state court case. Robinson alleged that a state appeals court opinion in a case to which he was a party was mailed to an incorrect address, and that he therefore had no notice of the appellate opinion before the appeals period expired. Robinson sought $39,000,000.39 in damages against defendants in unspecified capacities. The district court dismissed the complaint sua sponte as frivolous and certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. Sec. 1915(a).
 
 
 3
 On appeal, this court denied plaintiff's motion for in forma pauperis status, and plaintiff has now paid the filing fee. Upon consideration, we conclude that plaintiff's complaint was properly dismissed. Generally, judges and court clerks enjoy absolute immunity from suit for damages for judicial or quasi-judicial acts. Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (per curiam). Here, the sole basis for plaintiff's suit is the mailing of a state court appellate opinion to an incorrect address. The defendants are clearly immune in this case. The complaint was properly dismissed as frivolous.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.