977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph Charles HAUCK, Plaintiff-Appellant,
v.
Henry FOSTER, Defendant-Appellee.
 No. 92-5227.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Ralph Charles Hauck, pro se, appeals the magistrate judge's order dismissing his civil rights complaint which he filed under 42 U.S.C. § 1983. The defendant is the clerk of the Circuit Court and the Criminal Court of White County, Tennessee, at Sparta. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In Hauck's complaint, he alleged that the defendant Foster "willfully and wantonly blocked" six civil suits which Hauck filed in the state circuit court against various defendants, by Foster's failure to forward those cases to the Tennessee Court of Appeals, at Nashville. Hauck requested compensatory and punitive damages from the defendant's alleged act of denying Hauck equal protection and due process under the law by denying him access to the courts. The matter was referred to a magistrate judge, who held an evidentiary hearing on the merits of the plaintiff's factual allegations. On January 21, 1992, the district court referred the action to the magistrate judge upon the consent of all the parties pursuant to 28 U.S.C. § 636(c), for conducting all further proceedings in the matter, including entry of judgment. The parties also agreed that an appeal from the magistrate judge's judgment would be to the Sixth Circuit Court of Appeals, as provided in 28 U.S.C. § 636(c)(3).
 
 
 3
 The magistrate judge then issued a memorandum, finding that the Tennessee Rules of Appellate Procedure (TRAP) imposed no duty upon the defendant to forward the specified complaints to the state court of appeals in this case, because the plaintiff had failed to comply with certain prerequisites under state law before the defendant could further process the plaintiff's notices of appeal and forward the records to the court in Nashville. The magistrate judge further found that the parties had not presented any law, statute, rule, or court order imposing upon the defendant any duty to advise Hauck of the deficiencies in his attempts to appeal any of the civil actions which were the subject of his complaint. The magistrate judge concluded that Hauck failed to make out a claim that Foster had deprived him of access to the courts. An order was then entered dismissing the complaint with prejudice.
 
 
 4
 On appeal, Hauck argues: 1) the defendant clerk admitted that he did not fully understand the procedure for filing pro se complaints in state court and thus, should have sought advice from the state court of appeals on filing the complaints at issue; 2) sufficient evidence was produced at the evidentiary hearing to show that Hauck was continually denied access to the state court of appeals for the reason that the defendant was acting as part of a conspiracy to "cover up" the fact that Hauck was not guilty of the crimes of kidnap and murder, for which he was sentenced; and 3) the magistrate judge did not give him a "fair trial" and had "ignored" his claims that certain torts were committed against him by the defendant and the defendant's alleged co-conspirators. In his reply brief, Hauck challenges the evidence used at trial regarding his underlying conviction for murder and the fact of his confinement. Hauck also requests the appointment of counsel, on appeal.
 
 
 5
 Upon review, this court concludes that the magistrate judge properly dismissed this § 1983 action. The record supports the magistrate judge's findings of fact, and therefore, it cannot be said that these findings were clearly erroneous. Fed.R.Civ.P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 6
 Hauck does not contest the finding that defendant Foster did, in fact, receive and file every document submitted by Hauck in each of the civil cases that are the subject of this complaint. Hauck argues, however, that defendant Foster denied Hauck his constitutional rights by failing to further process his civil appeals or forward the necessary documents to the state court of appeals. First, Hauck's allegations that the defendant was part of a conspiracy to deprive him of access to the courts, and Hauck's passing remarks accusing the state judge of bias in this case, are conclusory statements without specific facts to support such claims. Thus, these allegations are insufficient to sustain a § 1983 action. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 7
 Secondly, because this defendant was acting in a quasi-judicial function, he is entitled to absolute immunity from this suit for damages, only. Forrester v. White, 484 U.S. 219, 223-25 (1988); Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 734-37 (1980); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (per curiam).
 
 
 8
 To the extent Hauck attacks his underlying conviction, the more appropriate remedy for these allegations is through a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Thus, these allegations are, likewise, insufficient to support a § 1983 claim.
 
 
 9
 Accordingly, Hauck's request for counsel is denied, and the magistrate judge's order dismissing this § 1983 complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.