999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. MAHLERWEIN, Plaintiff-Appellant,
v.
Alan HERRMANN; Matthew J. Crehan, et al., Defendants-Appellees.
 No. 92-4169.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ECHOLS, District Judge.*
 
 ORDER
 
 2
 Robert E. Mahlerwein, a pro se litigant, appeals from a judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mahlerwein is a former farmer whose farm has been foreclosed and sold to defendants Alan and Suzanne Herrmann pursuant to a sheriff's sale. Subsequently, Mahlerwein filed a complaint in the district court and also filed a common law lien in Butler County against the Hermmanns' property. Mahlerwein states that he filed this lien to prevent the Herrmanns from hiding, disposing or transferring their property to avoid any favorable judgment that Mahlerwein might receive in the district court litigation. In response, the Herrmanns filed a civil complaint against Mahlerwein in the Butler County Common Pleas Court seeking to remove this lien. Ultimately, defendant Judge Matthew Crehan issued an order granting the Herrmanns' summary judgment motion and canceling the lien. Mahlerwein took no direct appeal. Instead, he filed the present complaint, claiming a conspiracy among the defendants to deprive him of his federal and state rights. The district court dismissed Mahlerwein's complaint pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 A dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Only the pleadings are to be considered, and all well-pleaded facts must be accepted as true. Jackson v. Richards Medical Co., 961 F.2d 575, 577-78 (6th Cir.1992).
 
 
 5
 We decline to address the res judicata and collateral estoppel issues. Rather, we affirm the district court's judgment based on its alternate holdings.
 
 
 6
 Concerning defendants Crehan and Robb, the general rule is that a judge will not be subject to either suit or liability for his judicial acts. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Likewise, court officers are immune "from suit on claims arising out of the performance of judicial or quasi-judicial functions." Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988). Upon review, we are satisfied that both Judge Crehan and court clerk Robb are immune from suit as the allegations against them relate to judicial acts and functions.
 
 
 7
 Concerning the remaining defendants, in a § 1983 action, the plaintiff must show that the defendant was acting under color of state law and that the defendant's conduct deprived the plaintiff of a right secured by the Constitution or federal statute. Cassady v. Tackett, 938 F.2d 693, 695 (6th Cir.1991). Mahlerwein's allegations did not demonstrate that the Herrmanns or attorney Moser acted under color of state law pursuant to § 1983, and, therefore, they were properly dismissed from the suit.
 
 
 8
 Pursuant to 42 U.S.C. § 1985(3), the plaintiff must allege that as a result of the conspiracy, he was denied a right or privilege as a United States citizen and was a victim of some racial or other class based, invidiously discriminatory animus. Griffin v. Breckenridge, 403 U.S. 88, 102-3 (1971). Mahlerwein's allegations were insufficient to state a cause of action pursuant to § 1985. Likewise, because Mahlerwein does not state a § 1985 claim, his allegations were insufficient to state a cause of action pursuant to § 1986.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, U.S. District Judge for the Middle District of Tennessee, sitting by designation