**Ruby H. HARRIS, Plaintiff–Appellant,**

v.

**William K. SUTER, Clerk of the Court, Defendant–Appellee.**

No. 00–3309.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2001.

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.*

Ruby H. Harris, a pro se Ohio resident, appeals a district court judgment dismissing her civil action construed as being filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Harris sued William K. Suter, Clerk of the United States Supreme Court, claiming that Suter denied her access to the Supreme Court by refusing to file her petition for a writ of certiorari. The district court dismissed the complaint for failure to state a claim.

In her timely appeal, Harris asserts that Suter did not have the judicial authority to prevent the filing of her petition. Harris also asserts that Suter was not entitled to immunity.

The district court's judgment is reviewed de novo. *See Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.1999).

Upon review, we affirm the district court's judgment. Harris sought to file a petition for a writ of certiorari with the United States Supreme Court. However, the petition was returned as it did not comply with the rules of the Supreme Court. Specifically, the petition failed to include an appendix containing the opinions of the court of appeals or the district court. Further, the petition was untimely.

 Judges and other court officials enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh,* 864 F.2d 416, 417 (6th Cir.1988). Court officials are not absolutely immune from suit for performing non-judicial functions. *Id.* When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction. *See Mullis v. United States Bankr. Court. for Dist. of Nevada,* 828 F.2d 1385, 1390 (9th Cir.1987). As Harris's petition did not comply with the rules of the Supreme Court and was untimely, Suter's decision not to file the petition was a quasi-judicial function. Thus, Suter was entitled to absolute immunity. *Id.*

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.