Virgil COCHRAN, Plaintiff–Appellant,

v.

MUNICIPAL COURT OF THE CITY OF BARBERTON, SUMMIT COUNTY; Michael L. Wiegand; Michael J. McNulty; Joseph Harrison; Mike Meusel; City of Norton, Ohio; Amy Addis; Claude Collins; Michelle Toris; Susan Reilly; City of Barberton, Ohio, Defendants–Appellees.

No. 03–3785.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2003.

Virgil Cochran, pro se, Norton, OH, for Plaintiff–Appellant.

George D. Jonson, Ralph E. Burnham, Montgomery, Rennie & Jonson, Cincinnati, OH, Gregory A. Beck, Baker, Dublikar, Beck, Wiley & Mathews, North Canton, OH, Nick Tomino, Medina, OH, for Defendants–Appellees.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

## ORDER

Virgil Cochran, an Ohio citizen, appeals pro se a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cochran filed this complaint against a municipal court, two of its judges, the city of Norton, Ohio, its mayor and city manager, a police officer, the health commissioner, and a health department coordinator, seeking to challenge his prosecutions for littering and dumping. Apparently, Cochran is in the habit of storing old automobiles, farm implements, appliances, and scrap metal on his residential property, to the dismay of his neighbors. Cochran sought a writ of prohibition enjoining the municipal court from proceeding to judgment on a charge of dumping, and a writ of mandamus to compel the court to render decisions on his postconviction motions in his littering conviction. In addition, he sought monetary damages from the defendants for violating his Fourth Amendment and speedy trial rights.

The district court initially dismissed Cochran's claims for a writ of prohibition and a writ of mandamus, and allowed Cochran to file an amended complaint which set forth a cognizable claim under 42 U.S.C. § 1983. Cochran amended his complaint only to the extent that he added another municipality and a clerk of the municipal court as defendants. The defendants filed answers or motions to dismiss. The district court then dismissed the complaint for failure to state a claim. On appeal, Cochran reasserts his claims that his Fourth Amendment and speedy trial rights have been violated, and argues that he was entitled to a default judgment.

■ Upon review, we conclude that the dismissal of this complaint must be affirmed for the many reasons stated by the district court. Initially, the district court properly dismissed the claim for a writ of mandamus compelling the state court to render decisions on Cochran's postconviction motions in his littering conviction, because federal courts may not compel state officials to follow state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Similarly, the district court properly dismissed the claim for a writ of prohibition enjoining the municipal court from proceeding in the dumping case, because federal courts must abstain from enjoining pending state criminal cases. *Younger v. Harris*, 401 U.S. 37, 41, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

■ Turning to Cochran's claims under 42 U.S.C. § 1983, the district court correctly noted that the claims against the defendants in their official capacity were essentially against the city, but that no

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

municipal policy had been identified which would impose liability on the city. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The district court was also correct to point out that Cochran's claims of Fourth Amendment and speedy trial violations could not be brought under § 1983 until such time as his convictions had been set aside, as they would affect the validity of his convictions. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). To that end, Cochran may raise his constitutional challenges in the state criminal proceedings. *Tindall v. Wayne County Friend of Court*, 269 F.3d 533, 539–40 (6th Cir.2001). Moreover, the district court properly noted that the defendant judges and court clerk were entitled to judicial immunity and quasi-judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir.1988).

Finally, it is noted that Cochran's argument that he was entitled to a default judgment is without merit, as review of the record shows that defendants filed answers to the complaint and motions to dismiss.

For all of the above reasons, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.