NOT RECOMMENDED FOR PUBLICATON
File Name: 23a0510n.06
Case No. 23-3632

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Dec 08, 2023

KELLY L. STEPHENS, Clerk

|  |  |
|---|---|
| ALEXZANDRIA H. ORTA, | ) |
| Plaintiff-Appellant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| MARK E. REPP, Judge of the Tiffin-Fostoria Municipal Court, | ) |
| Defendant, | ) |
|  | ) |
| TIFFIN-FOSTORIA MUNICIPAL COURT, | ) |
| Defendant-Appellee. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: SUTTON, Chief Judge; COLE and THAPAR, Circuit Judges.

SUTTON, Chief Judge. This case returns to us for a second time. As noted in the last appeal, Judge Mark Repp of the Tiffin-Fostoria Municipal Court ordered Alexzandria Orta, a spectator in his courtroom, to submit to a drug test without any valid reason. When she refused, Judge Repp held her in contempt of court and sentenced her to jail. The state courts reversed his contempt decision, after which Orta sued Judge Repp and the Municipal Court. In the last appeal, we held that Judge Repp possessed absolute judicial immunity from this lawsuit. *Orta v. Repp*, No. 23-3034, 2023 WL 5666161, at *1 (6th Cir. Sept. 1, 2023). Orta now concedes in this appeal that she may not sue the Municipal Court. But she claims that the district court nonetheless abused

its discretion when it refused to allow her to add the City of Tiffin and its City Council as defendants. We affirm.

I.

On March 11, 2020, Orta sat in the back row of the public gallery at the Tiffin-Fostoria Municipal Court in Tiffin, Ohio, waiting for her boyfriend's case to be called. Judge Repp presided over the case. Orta had attended her boyfriend's previous hearings, and Judge Repp apparently recognized her from the bench. For reasons kept to himself, Judge Repp suspected that Orta misused drugs. Intent on confirming this suspicion, Judge Repp declared that he believed Orta was "under the influence" and "want[ed] her drug tested." R.49-1 at 4. He ordered his bailiff to escort Orta from the courtroom.

Orta refused to submit to the testing. Court employees informed her that law enforcement would not permit her to leave the building. Orta asked to speak to an attorney, but a probation office employee informed her that she could not obtain a lawyer until the State charged her with a crime.

A bailiff brought Orta back into Judge Repp's courtroom after the Judge's lunchbreak. Judge Repp held Orta in contempt of court for refusing to take the drug test. He sentenced her to ten days in the Seneca County Jail unless she agreed to take the drug test. After arriving at the jail, a frightened Orta agreed to submit to drug testing, but a sheriff's deputy informed her that she had missed her chance. Orta remained in jail until the next day, when the Seneca County prosecutor convinced Judge Repp that he could not detain her on these grounds.

The Ohio Court of Appeals overturned Judge Repp's contempt ruling, holding that he violated Orta's due process rights and otherwise abused his discretion. *State v. Orta*, No. 13-20-05, 2020 WL 5627173, at *5–7 (Ohio Ct. App. Sept. 21, 2020). The Ohio Supreme Court

suspended Judge Repp's law license and removed him from his judicial post. *Disciplinary Couns. v. Repp*, 180 N.E.3d 1128, 1134 (Ohio 2021) (per curiam).

Orta sued Judge Repp and the Tiffin-Fostoria Municipal Court in federal court for infringing her constitutional rights. *See* 42 U.S.C. § 1983. Judge Repp raised the defense of absolute judicial immunity. The district court concluded that Judge Repp received this immunity notwithstanding his inexcusable behavior. We affirmed. *Orta*, 2023 WL 5666161, at *1.

The Municipal Court separately requested judgment on the pleadings. Orta responded by asking the district court's permission to file a third amended complaint replacing the Municipal Court with the City of Tiffin and the members of its City Council. The district court refused to permit the amended complaint, reasoning that it failed to connect Judge Repp's misconduct to the Municipal Court, the City, or its Council. The district court granted judgment to the Municipal Court.

## II.

At this point in the case, Orta concedes that the only other named party in the case, the Municipal Court, is not a proper defendant. She thus does not challenge the district court's decision to dismiss the claims against the Court.

That leaves Orta's dual efforts to amend her complaint to add the City of Tiffin and its City Council as defendants in the case. In rejecting this effort, the district court concluded that Orta's proposed complaint failed to state a claim against these two proposed defendants. We review such decisions with fresh eyes. *Linden v. City of Southfield*, 75 F.4th 597, 602 (6th Cir. 2023).

A city may face liability under § 1983 only when its own policy or custom caused the victim's injuries. *Los Angeles County v. Humphries*, 562 U.S. 29, 30–31, 36 (2010). A plaintiff establishes this causal link by showing that the city employee who violated the victim's rights

acted in accordance with an official city policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978).

Judge Repp's actions from the bench fall short of these requirements. When Judge Repp ordered Orta to submit to a drug test and held her in contempt for refusing, he acted in a judicial capacity. Ohio Rev. Code §§ 1901.13(A)(1), 2705.01, 2705.02; *see also Orta*, 2023 WL 5666161, at *2. His judicial actions constitute judgments of the Tiffin-Fostoria Municipal Court, an arm of the Ohio state court system. *See Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (per curiam). They do not implicate the policies of Tiffin, the city in which this court happened to be located. *See* Ohio Rev. Code § 1901.02(B) (expanding the jurisdiction of the Tiffin-Fostoria Municipal Court to all fifteen Seneca County townships); *see also Foster*, 864 F.2d at 419 (distinguishing city boundaries from municipal court jurisdiction). Not even Judge Repp, as it happens, had the final say on his judicial conduct. The Ohio Court of Appeals reversed his decision. *Orta*, 2020 WL 5627173, at *7; *see also Foster*, 864 F.2d at 418 (recognizing that the Ohio Supreme Court supervises municipal courts).

Nor does any City policy bear responsibility for the apparent deficiencies in Judge Repp's legal knowledge. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (holding that municipalities can face liability when the failure to train employees evinces deliberate indifference to the victim's rights). Municipalities generally have no duty to provide their legal personnel with adequate training. *Connick v. Thompson*, 563 U.S. 51, 64–67 (2011). Lawyers and judges receive this knowledge through a "regime of legal training and professional responsibility" overseen by law schools, state bars, and professional organizations. *Id.* Orta's amended complaint acknowledges that Judge Repp should have recognized her rights because of the "continuing legal

4

education" that the Ohio Supreme Court mandates for all judges. R.43-1 at 9; R.49-1 at 6; *see* Ohio Sup. Ct. R. for the Gov't of the Judiciary IV.

Orta's other theories of liability fail to establish the requisite connection between Judge Repp and City policy. She claims that Judge Repp should be considered a final policymaker for the City because he served as the administrative judge of the Municipal Court. Ohio Rev. Code § 1901.09(A). In a few discrete settings, it is true, a municipality could face liability for a judge's administrative decisions, such as when a judge establishes a policy of unconstitutionally collecting fines and court costs. *See Alkire v. Irving*, 330 F.3d 802, 818 (6th Cir. 2003) (amended opinion); *Foster*, 864 F.2d at 419. But Orta has not alleged a "direct causal link" between the violation of her constitutional rights and Judge Repp's alleged administrative responsibilities, such as his control of the court calendar and dispute-settlement procedures. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Nor does she connect Judge Repp's administrative authority over the probation office to the deprivation of her constitutional rights. *See* Ohio Rev. Code § 1901.33(A). To the contrary, any violations of her rights occurred when Judge Repp held her in contempt and sentenced her to jail, purely judicial functions that he exercised as a presiding judge. *See Orta*, 2023 WL 5666161, at *2.

Orta separately claims that the City's tolerance of Judge Repp's behavior makes it liable for his misconduct. That claim gives too much credit to the City. The Ohio General Assembly endowed Judge Repp with the authority to hold individuals in contempt when it created Ohio's system of municipal courts. *See* Ohio Rev. Code §§ 1901.01(A), 1901.13(A)(1); *Foster*, 864 F.2d at 418. The City may not intrude on that statewide judicial legislation. *See* Ohio Const. art. XVIII § 3 (limiting municipal home-rule powers to matters "not in conflict with general laws"); *State ex rel. Cherrington v. Hutsinpiller*, 147 N.E. 647, 648–49 (Ohio 1925) (holding that municipalities

5

may not create their own courts). True, the Ohio Supreme Court recently held that the Tiffin City Council lawfully declared a vacancy at the Municipal Court after Judge Repp's suspension. *State ex rel. Repp v. Best*, ___ N.E.3d ___, 2023 WL 7199559, at *3 (Ohio 2023) (per curiam). But the authority to make that declaration flowed from Ohio's municipal court statutes, *see* Ohio Rev. Code § 1901.10(B), and did not infringe on Ohio's separation of powers, *Best*, ___ N.E.3d at ___, 2023 WL 7199559 at *3.

Even so, Orta suggests that the City implicitly ratified Judge Repp's misconduct when it failed to secure her release from the Seneca County Jail. Not so. Ohio assigns responsibility over county jails to county sheriffs. Ohio Rev. Code § 341.01. Orta's complaint does not allege how any City policy could have influenced the Seneca County Sheriff's decision to detain her. Likewise, while state law requires the City's chief legal officer to prosecute criminal cases before the Municipal Court, *id.* § 1901.34(A), Orta provides no allegations linking that official's failure to participate in her contempt hearings to City policy.

We end as we did before. *Orta*, 2023 WL 5666161, at *3. We continue to share the district court's revulsion at Judge Repp's "black-robed bullying." R.52 at 2. And we nonetheless agree with the district court that Judge Repp, not the Municipal Court, City of Tiffin, or Tiffin City Council, bears responsibility for this violation of Orta's rights.

We affirm.

6