DUGAN ET AL., APPELLANTS, v. CIVIL
SERVICE COMMISSION OF AKRON
ET AL., APPELLEES.

(No. 11003—Decided June 1, 1983.)

*Mr. George B. Vasko,* for appellants.
*Mr. Edward J. Riegler,* director of law, for appellees.

QUILLIN, P.J. Plaintiffs-appellants, Cynthia Dugan and Robert Paridon, were employed as deputy clerks of the Akron Municipal Court. Both appellants were terminated by the Clerk of the Akron Municipal Court. Appellants sought relief from the Civil Service Commission of the city of Akron ("commission") alleging that their dismissals were in contravention of the rules and regulations established by the commission. The commission dismissed the appeals for lack of jurisdiction. Dugan and Paridon appealed to the court of common pleas pursuant to R.C. Chapter 2506. The lower court held that appellants were not in the classified civil service of the city of Akron and affirmed the commission's decision.

## Assignment of Error

"The trial court erred in sustaining the motion to dismiss and in holding that the appellants were not covered by civil service."

In Ohio, the civil service includes all offices and positions of trust or employment in the service of the state, the counties, cities, city health districts, general health districts and city school districts. R.C. 124.01(B). The civil service is then divided into the classified and unclassified service. R.C. 124.11. The classified service comprises all civil service personnel not specifically included in the unclassified service pursuant to R.C. 124.11(A). See R.C. 124.11(B). Appellants argue that R.C. 124.11(A) should be construed to include deputy clerks within the classified service. However, the issue before us is not whether they are classified or unclassified civil service employees, but whether, even if classified, the Akron commission has jurisdiction to determine the validity of their discharge.

The Akron Municipal Court exercises judicial power pursuant to R.C. Chapter 1901. As well as jurisdiction within the city of Akron, it has "* * * jurisdiction within Bath, Northampton, Richfield, and Springfield townships, within the municipal corporations of Fairlawn and Lakemore, and within the portion of the municipal corporation of Mogadore in Summit county." R.C. 1901.02.

The Clerk of the Akron Municipal Court is nominated and elected by the qualified electors of the entire territory. R.C. 1901.31(A)(1). The clerk appoints deputy clerks and determines their salaries. R.C. 1901.31(H). While the deputy clerks' salaries are paid from the city treasury, each municipality within the territorial jurisdiction of the court contributes to the defrayment of the court's operating costs. R.C. 1901.026. The city merely serves as a conduit for funds from all the municipalities within the court's territorial jurisdiction to court personnel.

The Charter of the city of Akron as well as the Rules of the Civil Service Commission limit the commission's jurisdiction to those persons appointed to the

classified service of the city. "Appointing authority" is defined by the rules of the civil service commission as:

"* * * [A] person, Board, or Commission, having the authority to make appointments to positions in the classified Service of the City as prescribed in the City Charter."

Because deputy clerks are appointed by the clerk pursuant to R.C. 1901.31(H), they do not fall within the stated jurisdiction of the commission.

Article IV of the Constitution of the state of Ohio which establishes the Supreme Court, the Courts of Appeals and the Courts of Common Pleas, also grants to the state legislature the exclusive power to establish other courts inferior to the Supreme Court. That power to establish carries with it the authority to administer those courts, including the right to provide for the appointment, status, tenure and discharge of court employees. *State, ex rel. Cleveland Municipal Court,* v. *Cleveland City Council* (1973), 34 Ohio St. 2d 120 [63 O.O.2d 199]; *State, ex rel. Ramey,* v. *Davis* (1929), 119 Ohio St. 596; *State, ex rel. Welsh,* v. *Hoffman* (1941), 68 Ohio App. 171 [22 O.O. 324]; and *Underwood* v. *Isham* (1939), 61 Ohio App. 129 [15 O.O. 110]. Thus, without some state legislative enactment broadening the Akron commission's power, deputy clerks do not come within its jurisdiction.

R.C. 1901.32(F) provides:

"In the Cleveland municipal court, the chief clerks and all deputy clerks are in the classified civil service of the city of Cleveland. The clerk, the chief deputy clerks, the probation officers, one private secretary, one personal stenographer to the clerk, and one personal bailiff to each judge are in the unclassified civil service of the city of Cleveland. The bailiff, chief deputy bailiffs, and all deputy bailiffs appointed after January 1, 1968, are in the unclassified civil service of the city of Cleveland. Upon demand of the clerk, the civil service commission of the city of Cleveland shall certify a list of those eligible for the position of deputy clerk. From the list, the clerk shall designate chief clerks and such number of deputies as the legislative authority determines.

"* * *

"Any appointee under sections 1901.01 to 1901.37 of the Revised Code may be dismissed or discharged by the same power which appointed him. In the case of the removal of any civil service appointee under such sections, an appeal may be taken from the decision of the civil service commission to the court of common pleas of Cuyahoga county to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days of the finding of the commission. * * *"

The Cleveland Municipal Court has jurisdiction within the municipal corporation of Bratenahl as well as the city of Cleveland. The jurisdiction of the Civil Service Commission of the city of Cleveland would normally be limited to city of Cleveland employees. However, the General Assembly has specifically decreed that clerks and deputy clerks of the Cleveland Municipal Court shall be within the Cleveland commission's purview. Since the General Assembly has not so broadened the jurisdiction of the Civil Service Commission of the city of Akron, we must presume no such jurisdiction was intended. *Expressio unius est exclusio alterius.*

Thus, we overrule appellants' assignment of error. The judgment is affirmed.

*Judgment affirmed.*

MAHONEY and GEORGE, JJ., concur.