37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John MANCINI, Plaintiff-Appellant,
v.
CITY OF GARFIELD HEIGHTS, OHIO; Kenneth R. Stralka, Judge;
Martha T. Kapla, Clerk of Court, Defendant-Appellee.
 No. 94-3183.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 1
 Before: RYAN and BOGGS, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio litigant appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, a declaratory judgment, and injunctive relief, John Mancini sued the City of Garfield Heights, Ohio, Garfield Heights Municipal Court Judge Kenneth R. Stralka, and Garfield Heights Municipal Court Clerk Martha Kapla. He claimed that: 1) Judge Stralka violated his constitutional rights by accepting his no contest plea without securing a waiver of his right to trial by jury or informing him of his right to counsel; 2) Judge Stralka violated Mancini's constitutional rights by illegally suspending his drivers' license indefinitely; 3) Court Clerk Kapla refused to send Mancini any court records as a part of a conspiracy to fraudulently conceal his illegal conviction; and 4) the City inadequately trained Judge Stralka and Clerk Kapla and is liable as the "final policymaking authority." Defendants Stralka and Kapla were not served with process and did not file responsive pleadings.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Mancini's complaint against the City of Garfield Heights because it appears beyond doubt that Mancini can prove no set of facts showing he is entitled to the relief he seeks. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Whether the district court properly dismissed Mancini's complaint pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Id.
 
 
 5
 Mancini's claim against the City of Garfield Heights is meritless. Mancini claimed that the City is the "final policymaking authority" and that it inadequately trained Judge Stralka and Clerk Kapla. A municipality cannot be held liable under Sec. 1983 on a respondeat superior theory, Monnell v. New York Dep't of Social Servs., 436 U.S. 658, 691-92 (1978), but must cause a municipal employee to violate another's constitutional rights under the color of some official policy. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). A "failure to train" may serve as a basis for municipal liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the defendants come in contact. See Garner v. Memphis Police Dep't, 8 F.3d 358, 363-64 (6th Cir.1993). In his complaint, Mancini failed to allege directly or inferentially that the City officially sanctioned or ordered Stralka's and Kapla's conduct. His claim simply referred to the City as a policy-making authority that inadequately trained the individual defendants; it did not offer the slightest inference that the City ordered the Municipal Court to enforce any policy whatsoever. Moreover, nothing in the record reflects any deliberate indifference under the circumstances of this case.
 
 
 6
 In addition, the City of Garfield Heights cannot be held responsible for the acts of the Municipal Court employees because municipal courts are part of the state court system and are not subject to the supervision of municipal governments. The City has no authority over Stralka and Kapla. See Dugan v. Civil Serv. Comm'n, 459 N.E.2d 618, 619 (Ohio App.1983). The Ohio legislature possesses the exclusive authority to create municipal courts, Ohio Constitution Article IV, Sec. I; see Behrle v. Beam, 451 N.E.2d 237, 238 (Ohio 1983), including the right to administer those courts. See Dugan, 459 N.E.2d at 619.
 
 
 7
 The district court properly dismissed Mancini's complaint sua sponte against Judge Stralka and Clerk Kapla because Mancini failed to effect service of process on them. The court reviews a judgment dismissing a complaint for failure to serve defendants with summons for abuse of discretion. See Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir.1986). Absent a showing of good cause explaining why service was not timely achieved, Fed.R.Civ.P. 4(m) [formerly codified as Rule 4(j) before the 1993 amendment] mandates the dismissal of all unserved parties. Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir.1992); see United States v. Gluklick, 801 F.2d 834, 837 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987). Mancini did not show good cause for his failure to serve Judge Stralka and Clerk Kapla with process. The district court warned Mancini that his complaint against Stralka and Kapla would be dismissed if Mancini did not show good cause for not executing service of process and gave him an opportunity to show good cause why service was not made within the required 120-day time period. More importantly, in the order to show cause, the district court judge set out the reasons why Mancini could not simply rely on the service of process executed on the City. Under these circumstances, Mancini did not show good cause for not executing service of process and the district court did not abuse its discretion in dismissing the complaint against Judge Stralka and Clerk Kapla.
 
 
 8
 Finally, we conclude that Mancini's assertion that the district court judge erred by not recusing himself was insufficiently raised in the district court and is factually meritless. A motion to recuse a federal judge under 28 U.S.C. Sec. 455(a) is subject to the limitation known as the "extrajudicial source" doctrine, Liteky v. United States, 114 S.Ct. 1147, 1151-57 (1994), and judicial rulings alone rarely constitute a valid basis for a motion for disqualification for bias or partiality. Id., at 1157. The record reveals that the "ex parte" meeting to which Mancini refers was a regularly scheduled status conference. Thus, the district court was not adversely affected by an extrajudicial source, as the court was engaged in the regular administration of the docket.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation