**Darryl Wade RISER, Plaintiff–Appellant,**

v.

**Charles SCHNIEDER, Judge, et al., Defendants–Appellees.**

No. 01–4286.

United States Court of Appeals, Sixth Circuit.

June 18, 2002.

Before MARTIN, Chief Circuit Judge; KEITH and KENNEDY, Circuit Judges.

Darryl Wade Riser, an Ohio resident proceeding pro se, appeals the district court order dismissing his tort action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Riser sued Franklin County, Ohio, Municipal Court Judge Charles A. Schnieder, Municipal Court Judge Harry

Pollitt, Jr., Municipal Court Magistrate Mark Hummer, and Municipal Court Clerk Paul M. Herbert. Riser was a defendant in a small claims action, and alleged that the defendants committed torts against him when they improperly denied his motion for a continuance, granted the plaintiff a default judgment, and misfiled his motion for relief from judgment. Riser moved for leave to file his action in forma pauperis. The district court granted Riser in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). The court held that the defendants were entitled to judicial and quasi-judicial immunity, and that Riser's action was barred by the *Rooker–Feldman* doctrine.

In his timely appeal, Riser argues that the defendants are not immune from suit.

Initially, we note that this case was placed in abeyance by an order of this court entered January 10, 2002. Because the appeal is now fully briefed and is, as explained below, entirely without merit, we remove the case from abeyance and affirm the district court's order.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

■ Upon review, we conclude that the district court properly dismissed Riser's complaint under § 1915(e)(2). First, all of the defendants are immune from suit. The basis for Riser's district court action was how the defendants handled a small claims case naming Riser as defendant. Riser asserted that the defendants' actions violated various judicial codes and consti-

tuted torts against him. Accepting all of his allegations as true, it is clear that the judges were acting in their judicial capacities and the clerk was acting in a quasi-judicial capacity. Whether or not they committed any errors in handling Riser's small claims case, they are immune from suit for monetary damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (judicial immunity); *Foster v. Walsh,* 864 F.2d 416, 417–18 (6th Cir.1988) (quasi-judicial immunity). Accordingly, dismissal under § 1915(e)(2) was proper.

■ We also agree with the district court's conclusion that Riser's complaint was barred by the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Michigan Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Riser alleged that the claims against him in the small claims action were invalid and contrary to state and federal law. To the extent that he was attempting to appeal the decision of the small claims court by way of this federal action, the *Rooker–Feldman* doctrine prohibits his suit.

Accepting all of Riser's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.