835 F.2d 877
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas BELILL, Plaintiff-Appellant,
v.
Robert J. HUMMEL, Individually and as 81st Judicial District
Judge, Defendant- Appellee.
 No. 86-1937.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1987.
 
 Before RALPH B. GUY, DAVID A. NELSON, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Thomas Belill, filed suit in federal court against state Judge Robert Hummel alleging that Judge Hummel had wrongfully sentenced him to jail for contempt of court. Plaintiff alleged both federal and state law claims and requested both monetary and injunctive relief. The federal district court granted defendant's motion for summary judgment on the federal claims and dismissed the remaining state law claims without prejudice. We find that Judge Hummel was entitled to absolute immunity from the claim for monetary damages. We also find that the federal court should abstain from granting the equitable relief requested by the plaintiff. Accordingly, the judgment of the district court is affirmed.
 
 I.
 
 2
 Plaintiff was arrested on November 14, 1985, in Oscoda, Michigan for urinating on a public street. Plaintiff was issued a citation for disorderly conduct. Mich.Comp.Laws Ann. Sec. 750.167.[1] A notice was printed on the face of the ticket informing the recipient that "YOU MUST APPEAR IN COURT TO ANSWER THIS COMPLAINT." The date, time, and location of the hearing was written beneath the notice after which followed another printed warning, "IF YOU FAIL TO APPEAR AS ORDERED AN ARREST WARRANT FOR YOU WILL BE ISSUED BY THE COURT."
 
 
 3
 Plaintiff alleges in his brief on appeal that the arresting officers told him to contact the court within 14 days. The ticket, however, shows a scheduled hearing date of November 19, 1985. Plaintiff failed to appear at the November 19 hearing and, as a result, Judge Hummel issued a bench warrant for plaintiff's arrest. On December 3, plaintiff's wife telephoned the court and was informed that plaintiff would have to appear in person to answer the complaint. At 9:00 a.m. on December 10, plaintiff went to the district court clerk's office to pay the ticket. He was immediately placed into custody by the sheriff's deputy and taken to the adjoining jail.
 
 
 4
 At 9:44 a.m. plaintiff was arraigned before Judge Hummel. Judge Hummel explained the disorderly conduct charge and informed plaintiff of his right to counsel. A not guilty plea was entered and a pretrial date was set for January 14, 1986. Judge Hummel then asked the plaintiff why he had failed to appear at the originally scheduled hearing on November 19. Plaintiff claimed that the officers had told him that he would only have to pay a $35 fine, and he had instructed his wife to pay the fine on his behalf. Apparently unsatisfied with this response, Judge Hummel repeated his inquiry. Plaintiff again replied that he was under the impression that he could just pay the fine. At this point Judge Hummel directed plaintiff's attention to the notice on the face of the ticket which set forth the hearing date and specified that attendance was mandatory. Once again plaintiff responded that he had thought that he was only required to pay a fine. Finding plaintiff's excuse inadequate, Judge Hummel found him in contempt of court for failing to appear at the November 19 hearing and sentenced him to seven days in jail. Plaintiff was granted work release, but was required to spend the following seven nights in jail. Plaintiff's wife contacted an attorney who subsequently represented plaintiff on the disorderly conduct charge. (Plaintiff was eventually acquitted on this charge). Plaintiff's counsel, however, apparently did not attempt to appeal the contempt of court conviction.
 
 II.
 
 5
 On March 5, 1986, plaintiff filed suit against Judge Hummel in both his individual and official capacities. In Count I of the complaint, plaintiff claimed a violation of his civil rights based on a denial of due process. The second and third counts alleged state law claims for false imprisonment and intentional infliction of emotional distress. Plaintiff demanded monetary damages and equitable relief in the form of an order requiring the state court to expunge the contempt conviction from his record. On September 25, 1986, a hearing was held before the federal district court on the parties' cross-motions for summary judgment. After hearing arguments from both sides, Judge Churchill ruled that the defendant was entitled to absolute judicial immunity. Judge Churchill also refused to grant the requested equitable relief because it amounted to a collateral attack on the validity of the state court conviction. Therefore, Judge Churchill advised plaintiff to seek redress through the state courts and he dismissed the remaining state law claims without prejudice.
 
 III.
 
 6
 In this circuit, it is clearly established that the doctrine of judicial immunity protects judges from damage suits arising from the performance of judicial acts. See King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, 474 U.S. 971 (1985). This general rule extends to judges presiding over courts of both general and limited jurisdiction. 766 F.2d at 966. The only exception to this rule is where the judge has acted in "clear absence of all jurisdiction," i.e., "if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." 766 F.2d at 965. It is not sufficient to show that the judge merely exceeded his authority in resolving a matter over which the court has subject matter jurisdiction; rather, a plaintiff must show that the matter was clearly outside the jurisdiction of the court. See Stump v. Sparkman, 435 U.S. 349, 357-59 (1978) (judge immune even though he exceeded his authority in ordering woman to undergo involuntary sterilization); Bradley v. Fisher, 80 U.S. 335, 352 (1871) (judge is immune even if he exceeds his authority by labelling permissible conduct as criminal or sentencing a person to greater punishment than provided by law).
 
 
 7
 Plaintiff argues that Judge Hummel lacked subject matter jurisdiction over the contempt charge. Specifically, plaintiff contends that his failure to appear at his initial hearing date amounted to "indirect" contempt because it took place outside the presence of the court. Plaintiff argues that under Michigan law, such indirect contempt cannot be punished summarily.[2] Instead, the accused must be given a separate hearing and an opportunity to prepare a defense. Plaintiff claims that he was denied these benefits and other basic elements of due process. Thus, plaintiff concludes that Judge Hummel acted in "clear absence of all jurisdiction" by summarily sentencing him to seven days in jail for "indirect" contempt.
 
 
 8
 Regardless of whether plaintiff's failure to appear is characterized as "direct" or "indirect" contempt, it is clear that Judge Hummel acted within the scope of the subject matter of the court over which he presides. The 81st District Court is a court of record with jurisdiction over, inter alia, misdemeanors, punishable by fine and imprisonment not exceeding one year. Mich.Comp. Laws Ann. Sec. 8311(a).[3] Plaintiff was originally charged with disorderly conduct in violation of Mich.Comp. Laws Ann. Sec. 750.167.[4] This offense is classified as a "misdemeanor." See Mich.Comp. Laws Ann. Sec. 750.168.[5] Thus, plaintiff's case was properly before Judge Hummel's court. Judge Hummel had the statutory authority to issue a warrant for plaintiff's arrest after he failed to appear at his scheduled hearing. See Mich.Comp. Laws Ann. Sec. 764.9e.[6] Likewise, when plaintiff was subsequently arrested pursuant to the warrant and arraigned before Judge Hummel on the misconduct charge, Judge Hummel had the authority to cite plaintiff for contempt for his previous failure to appear.
 
 
 9
 Even assuming that plaintiff was entitled to a separate hearing on the contempt charge and assuming that he was not accorded this hearing, this still does not amount to a showing that Judge Hummel acted in the clear absence of all jurisdiction. The Supreme Court has specifically held that the commission of grave procedural errors, including those involving due process, does not constitute judicial action taken in the clear absence of all jurisdiction. See Stump, 435 U.S. at 359. Judge Hummel's court had subject matter jurisdiction over both the underlying criminal offense and the subsequent charge of failing to appear. At most, Judge Hummel may be accused of having exceeded his authority by summarily imposing a jail sentence rather than holding a separate hearing on the contempt charge.
 
 
 10
 Our finding that Judge Hummel did not act in the clear absence of all jurisdiction is consistent with our previous finding in King. In King, the plaintiff was mistakenly charged with driving while intoxicated. Apparently, the plaintiff's driver's license had been stolen and the drunk driver had produced the stolen license when he was stopped by the police. A warrant was issued for plaintiff's arrest after he failed to appear at a hearing. When the plaintiff learned of the outstanding warrant, he went to the police and explained that a mistake had been made. Nevertheless, plaintiff was instructed to appear before the Memphis City Court. Judge Love, the City Court judge, refused to accept the plaintiff's explanation and scheduled another hearing instructing plaintiff to retain a lawyer. When plaintiff reappeared at the hearing without counsel, Judge Love again continued the case and reiterated his instruction to retain an attorney. When the plaintiff appeared for a third time, Judge Love refused to listen to his explanation and found plaintiff in contempt for having again appeared without counsel. Judge Love ordered that plaintiff be jailed immediately without bond. After spending three days in jail, plaintiff was released and the erroneous driving while intoxicated charge was dropped. The plaintiff filed suit based on this action and other subsequent misconduct by Judge Love. A federal court jury awarded King a total of $60,000 in damages.
 
 
 11
 On appeal, this court held that Judge Love was entitled to absolute judicial immunity in connection with his finding King in contempt of court. In so holding, we stated:
 
 
 12
 We hold only that where a judge of a court of limited jurisdiction engages in judicial acts in deciding a case over which the court has subject matter jurisdiction, he is absolutely immune from suits for damages even if he exceeds his authority or his jurisdiction. Since the Memphis City Court had subject matter jurisdiction over the driving while intoxicated charge against King and since incarcerating King for contempt of court was a judicial act, King may not sue Judge Love for damages stemming from the March 4, 1980 incident.
 
 
 13
 766 F.2d at 968.
 
 
 14
 We find that our ruling in King is controlling in the instant case. Therefore, we find that Judge Hummel is absolutely immune from plaintiff's claim for money damages.
 
 IV.
 
 15
 Plaintiff contends that even if his claim for damages is barred by the doctrine of judicial immunity, he still is entitled to injunctive relief in the form of an order expunging his criminal record. Plaintiff relies on the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984), wherein the Court held that the defense of judicial immunity is not a bar to a claim for prospective injunctive relief against a judicial officer. In Pulliam, a state judge had been enjoined from continuing the practice of requiring defendants arrested for non-jailable offenses to post bond under threat of confinement. The Pulliam Court found that such relief was not barred by the judicial immunity doctrine, and therefore plaintiffs were entitled to their claim for attorneys fees because they had prevailed on the merits in their civil rights suit. Justice Blackmun, writing for the majority in Pulliam, was careful to limit the scope of the Court's holding:
 
 
 16
 Federal judges, it is urged, should not sit in constant supervision of the actions of state judicial officers, whatever the scope of authority under Sec. 1983 for issuing an injunction against a judge.
 
 
 17
 The answer to this concern is that it is not one primarily of judicial independence, properly addressed by a doctrine of judicial immunity. The intrusion into the state process would result whether the action enjoined were that of a state judge or of another state official. The concern, therefore, has been addressed as a matter of comity and federalism, independent of principles of judicial immunity. We reaffirm the validity of those principles and the need for restraint by federal courts called on to enjoin the actions of state judicial officers.
 
 
 18
 466 U.S. at 539 (footnote omitted) (emphasis added).
 
 
 19
 The clear implication of this language is that although the doctrine of judicial immunity does not prevent a federal court from granting prospective injunctive relief against a state court judge, the principles of federalism may require that a federal court abstain from granting such relief if it unduly interferes with the independence of the state court.
 
 
 20
 Relying on the principles of federalism, this court has held that "absent extraordinary circumstances" federal courts "must abstain from granting declaratory or injunctive relief because doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state hearings and trials." Sevier v. Turner, 742 F.2d 262, 270 (6th Cir.1984). Thus, in Sevier, we ruled that a federal court should not issue an injunction prohibiting a Tennessee court from summarily punishing defendant for contempt for failing to pay child support. The plaintiff had requested an injunction specifying that in any future contempt proceeding he should be entitled to a full hearing and legal counsel. While noting that the district court had erred in refusing such relief based on the defendant's claim of judicial immunity, we nevertheless upheld the denial of injunctive relief based on the principles of federalism. 742 F.2d at 269-71.
 
 
 21
 The equitable relief requested by the plaintiff in the instant case is in many respects even more intrusive than that which we refused grant in Sevier. First, plaintiff is seeking retroactive relief as opposed to the prospective relief sought in Sevier. Plaintiff is asking the federal court to order the state court to expunge his contempt conviction from his state court criminal record. We find that the federal court should refrain from issuing such an order which would necessarily imply that plaintiff's state court conviction was invalid. Plaintiff must first seek redress through the state court system before presenting his claim to the federal courts.
 
 
 22
 Thus, the fundamental precepts of federalism compel us to uphold the district court's refusal to grant plaintiff's request for equitable relief.
 
 V.
 
 23
 Finally, plaintiff contends that the district court erred in granting defendant's motion for summary judgment prior to the completion of the discovery period. The record shows that the initial cut-off date had been set for August 29, 1986. On September 24, 1986, the day before the scheduled hearings on the motions for summary judgment, plaintiff submitted a request for additional discovery. Specifically, plaintiff sought access to the court records to determine if other defendants had been summarily punished for "indirect" contempt of court.
 
 
 24
 Even if plaintiff had been given an opportunity to pursue this line of inquiry, we find that it is totally irrelevant to the determinative issues which formed the basis for the district court's summary judgment ruling, i.e., the questions of judicial immunity and abstention.
 
 
 25
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Mich.Comp. Laws Ann. Sec. 750.167 provides in part:
 [a]ny person who shall be drunk or intoxicated or engaged in any indecent or obscene conduct in any public place ... shall be deemed a disorderly person....
 
 
 [2]
 600.1711 Summary punishment; hearing
 Sec. 1711. (1) When any contempt is committed in the immediate view and presence of the court, the court may punish it summarily by fine, or imprisonment, or both.
 (2) When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend.
 
 
 [3]
 600.8311
 Misdemeanors, ordinance and charter violations, arraignments, fixing bail, accepting bonds, preliminary examinations
 Sec. 8311. The district court shall have jurisdiction of:
 (a) Misdemeanors punishable by fine or imprisonment not exceeding 1 year, or both.
 
 
 [4]
 See supra note 1
 
 
 [5]
 750.168 Punishment
 Sec. 168. Any person convicted of being a disorderly person shall be guilty of a misdemeanor.
 
 
 [6]
 764.9e Failure to appear
 Sec. 9e. If after the service of an appearance ticket and the filing of a complaint for the offense designated therein the defendant does not appear in the designated local criminal court at the time the appearance ticket is returnable, the court may issue a summons or a warrant of arrest based upon the complaint filed.