Joshua D. WARD; Jeremiah Stover; Larry Thornsberry; Tammy Dewiel, Plaintiffs–Appellants,

v.

CITY OF NORWALK; Norwalk Municipal Court; John S. Ridge; Pamela G. Boss, Defendants–Appellees.

No. 15–3018.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2016.

BEFORE: BATCHELDER, MOORE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.

Plaintiffs sued an Ohio state judge and court clerk in their official and individual capacities, alleging that they unconstitutionally lengthened plaintiffs' jail time to offset outstanding court costs. Plaintiffs sought class certification for monetary damages and equitable relief under state law and 42 U.S.C. § 1983. As the district court ruled, judicial immunity bars the individual-capacity claims. The district court, however, dismissed plaintiffs' declaratory judgment claim on improper grounds.

The factual allegations in the complaint, which we accept as true for the purposes of review, *Allard v. Weitzman (In re De-Lorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993), are as follows. Plaintiffs accrued fines and court costs concerning low-level misdemeanors and traffic violations. Norwalk, Ohio Municipal Court Judge John Ridge issued bench warrants for plaintiffs for failing to pay their fines and court costs. Judge Ridge directed Clerk Pamela Boss to issue the warrants, and Clerk Boss complied. Acting on the warrants, officers arrested plaintiffs.

Plaintiffs served jail time credited against their fines at a rate of $50 per day. Ohio Revised Code § 2947.14(D) sets the $50 rate. The state jailed plaintiffs longer than necessary to pay off their fines, and Clerk Boss credited the excess jail time against plaintiffs' court costs. Plaintiffs filed the instant action against the City of Norwalk, the Norwalk Municipal Court, and Judge Ridge. Plaintiffs amended their complaint multiple times, removing the City of Norwalk as a defendant. After the district court dismissed the claims against the Norwalk Municipal Court, plaintiffs amended their complaint a final time and added Clerk Boss as a defendant,

asserting seven claims: (1) false arrest under § 1983; (2) Ohio common law false arrest; (3) imprisonment to collect a civil debt under § 1983; (4) breach of contract; (5) conversion; (6) unjust enrichment; and (7) declaratory and injunctive relief. Judge Ridge and Clerk Boss filed separate motions to dismiss.

The district court dismissed plaintiffs' claims. According to the district court, the § 1983 claims against Clerk Boss in her official capacity were, in effect, claims against the Norwalk Municipal Court, which is not amenable to suit. The district court also found that judicial immunity barred any claims against Clerk Boss in her individual capacity. With regard to plaintiffs' § 1983 claims against Judge Ridge, the district court stated that judicial immunity barred all of the claims. Finally, the district court declined to exercise supplemental jurisdiction over plaintiffs' state law claims. Plaintiffs appeal the dismissal, arguing that the district court erred in dismissing the claims for equitable relief, that judicial immunity does not bar plaintiffs' claims, and that the Norwalk Municipal Court is amenable to suit.

The district court properly dismissed plaintiffs' claims for money damages against Judge Ridge and Clerk Boss in their official capacities, because the Norwalk Municipal Court is considered an arm of the state for the purposes of § 1983 and the Eleventh Amendment and is not subject to suit. Because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), and plaintiffs allege claims against both Judge Ridge and Clerk Boss in their official capacities as employees of the Norwalk Mu-

nicipal Court,[1] plaintiffs' official-capacity claims for money damages are treated as suits against the Municipal Court. The crucial determination is whether the Norwalk Municipal Court is a "person" for § 1983 purposes, and this determination includes a consideration of whether the Municipal Court is an arm of the state entitled to sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In *Foster v. Walsh*, 864 F.2d 416 (6th Cir.1988), we stated:

> It cannot seriously be argued that an Ohio municipal court is indistinguishable from the municipal corporation in which it sits. The Akron Municipal Court is part of the Ohio state court system, established by the Ohio state legislature. It is subject to the supervision of the Ohio Supreme Court. The municipal court may not be abolished by the city council, nor may the council expand or restrict the court's jurisdiction. The territorial jurisdiction of the Akron Municipal Court is not coextensive with the city limits of Akron. The employees of the Akron Municipal Court are not city employees subject to the authority of the Akron Civil Service Commission.

*Id.* at 418–19 (internal citations omitted). These facts led to the conclusion that an Ohio municipal court is not equivalent to its corresponding municipal corporation for § 1983 and Eleventh Amendment purposes and is rather an arm of the state entitled to sovereign immunity. *Id.* at 419. The same holds true in the present case; replace "Akron" with "Norwalk" and it is clear that plaintiffs' official-capacity claims for money damages against Judge Ridge and Clerk Boss are not cognizable under § 1983 and the Eleventh Amendment.

Our decision in *Alkire v. Irving*, 330 F.3d 802 (6th Cir.2003) does not compel a different conclusion. In *Alkire*, we remanded a case to the district court, stating that the district court needed to consider "who would pay for a damage judgment" against an Ohio county court as "the most important factor bearing on the Eleventh Amendment question." *Id.* at 811. Plaintiffs argue that because the municipal corporations within the Norwalk Municipal Court's jurisdiction are responsible for a money-damage judgment, the Municipal Court is identical to a municipality and is therefore not an arm of the state. Although municipal corporations may be responsible for a money judgment against the Norwalk Municipal Court, every other aspect of the Municipal Court's composition—noted above—weighs in favor of the court's being an arm of the state. The only aspect of the analysis that falls in plaintiffs' favor is the source-of-payment factor. While this may be the most important factor for Eleventh Amendment analysis, it is not enough on its own to outweigh the other factors. Thus, *Alkire's* emphasis on the source-of-payment factor does not change the conclusion that the Norwalk Municipal Court is an arm of the state for § 1983 and Eleventh Amendment purposes, and plaintiffs' money-damage claims against Judge Ridge and Clerk Boss in their official capacities are therefore barred.[2]

---

**1.** In its dismissal order, the district court analyzed only the claims against Judge Ridge in his individual capacity. In paragraph 38 of plaintiffs' complaint, however, plaintiffs allege that "[Judge] Ridge is liable in his *official capacity* because he issued illegal arrest warrants...." Thus, plaintiffs arguably allege at least one of their claims against Judge Ridge in his official capacity.

**2.** Because these claims are barred under § 1983 and the Eleventh Amendment, we need not reach the issue of whether the Norwalk Municipal Court has the capacity to sue and be sued.

■ As the district court ruled, judicial immunity bars the money-damage claims against Judge Ridge in his individual capacity. "[A] judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). There are only two sets of circumstances in which judicial immunity does not attach to a judge's acts: (1) if the judge's actions were non-judicial; or (2) if the judge performed the actions "in the complete absence of all jurisdiction." *Id.* at 11–12, 112 S.Ct. 286. "An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Plaintiffs argue that Judge Ridge's actions were non-judicial, because Judge Ridge jailed plaintiffs "for failure to pay court costs." Further, plaintiffs argue that collecting court costs is a ministerial action and therefore non-judicial. Both the issuing of warrants and the crediting of time served toward fines are actions that Ohio judges normally perform, and plaintiffs only dealt with Judge Ridge in his judicial capacity. Judge Ridge's actions are therefore judicial acts entitled to absolute judicial immunity from claims for money damages.

Judge Ridge's actions retain judicial immunity even though he might have exceeded his jurisdiction. Plaintiffs argue that Judge Ridge is not entitled to judicial immunity because, in his alleged jailing of plaintiffs for "failing to pay court costs," Judge Ridge acted in the absence of all jurisdiction. Plaintiffs argue that Ohio's constitution precludes imprisonment for a civil debt, and Judge Ridge therefore had no jurisdiction to issue the warrants and to credit time served toward court costs, which are civil in nature. The state of Ohio expressly grants courts like Judge Ridge's the power to have individuals committed for failure to pay fines. *See* O.R.C.

§ 2941.14. He therefore had jurisdiction to issue the warrants. Although the state requires a hearing before the judge orders commitment, Judge Ridge's failure to hold a hearing may have been in excess of jurisdiction, but was not in complete absence of it. Furthermore, to the extent that Judge Ridge kept plaintiffs in jail to credit time served against outstanding court costs, he may have acted in excess of his jurisdiction, but again was not in complete absence of it. "[A] judge of a court of general jurisdiction is absolutely immune from an action for damages if he exceeds his authority in resolving a matter over which his court has subject matter jurisdiction." *King*, 766 F.2d at 966. Thus, even if Judge Ridge exceeded his jurisdiction, judicial immunity still bars plaintiffs' money-damage claims against him in his individual capacity.

■ Likewise, judicial immunity bars plaintiffs' money-damage claims against Clerk Boss in her individual capacity. Our decision in *Foster* is again instructive. In *Foster*, an Akron Municipal Court referee issued a bench warrant for the plaintiff for failure to pay traffic fines, even though the plaintiff had paid off the fines a week before they were due. 864 F.2d at 417. The court clerk, under the referee's order, issued the warrant. In finding that the court clerk was entitled to judicial immunity for issuing the warrant, we had "no difficulty concluding that the issuance of the warrant for Mr. Foster's arrest, even though non-discretionary, was a 'truly judicial act.' Because Clerk Walsh enjoyed absolute immunity from suit in connection with the issuance of the arrest warrant, he was entitled to the dismissal he sought." *Id.* at 417–18. *Foster* is analogous to the present case, and Clerk Boss's issuance of the warrant under Judge Ridge's direction entitles her to judicial immunity. Furthermore, for the same reasons that weigh in

favor of Judge Ridge's being entitled to immunity against money-damage claims regarding the collection of court costs, Clerk Boss is entitled to immunity. Judicial immunity therefore bars plaintiffs' money-damage claims against Clerk Boss in her individual capacity.

█ The district court also properly dismissed plaintiffs' claim seeking injunctive relief, because the plain language of § 1983 allows suits for injunctions only after a litigant has sought a declaratory judgment. Section 1983 forbids injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." Thus, Count VII of plaintiffs' complaint, which seeks both a declaratory judgment and injunctive relief, was properly dismissed with respect to the injunction claim. Plaintiffs cannot seek an injunction against a judicial officer without first seeking a declaratory judgment, and the district court properly dismissed the injunction claim.

█ However, the plain language of § 1983 contemplates a declaratory judgment against judicial officers like Judge Ridge and Clerk Boss in their official capacities. Section 1983 states, in part:

> Every person who, under color of any statute ... of any State, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in ... [a] suit in equity ... *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

42 U.S.C. § 1983 (emphasis added). The italicized portion reflects the language Congress added to the statute in 1996 as part of the Federal Courts Improvement Act. The Third Circuit has described the added language:

> The ... amendatory language to § 1983 does not expressly authorize suits for declaratory relief against judges. Instead, it implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate.... A review of the legislative history confirms this reading of the amendment. The Senate Report accompanying the amendment suggests that the amendment's purpose was to overrule the Supreme Court's decision in *Pulliam v. Allen,* 466 U.S. 522, 541–43 [104 S.Ct. 1970, 80 L.Ed.2d 565] (1984) ... not to alter the landscape of declaratory relief.

*Brandon E. ex rel. Listenbee v. Reynolds,* 201 F.3d 194, 197–98 (3d Cir.2000). In *Pulliam,* the Supreme Court concluded that "judicial immunity is not a bar to prospective relief against a judicial officer acting in her judicial capacity." *Pulliam,* 466 U.S. at 541–42, 104 S.Ct. 1970. The Court also stated that "it is for Congress, not this Court, to determine whether and to what extent to abrogate the judiciary's common-law immunity." *Id.* at 543, 104 S.Ct. 1970. Congress took note of this responsibility and enacted the amendatory language to § 1983, which effectively overruled *Pulliam.* Section 1983 now implicitly recognizes that declaratory relief is available against judicial officers.

█ Moreover, sovereign immunity does not bar plaintiffs' declaratory judgment claim against Judge Ridge and Clerk Boss in their official capacities. Plaintiffs seek a declaration that Judge Ridge and Clerk Boss violated and continue to violate the Constitution. This falls squarely within

the *Ex parte Young* doctrine. In *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court stated an exception to sovereign immunity that allows individuals to seek prospective relief against state officials who violate federal laws or the Constitution. The *Ex parte Young* doctrine "rests on the premise—less delicately called a 'fiction[ ]' . . .—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign—immunity purposes." *Virginia Office of Protection & Advocacy v. Stewart,* 563 U.S. 247, 131 S.Ct. 1632, 1638, 179 L.Ed.2d 675 (2011). Thus, sovereign immunity is not a bar to plaintiffs' declaratory judgment claim. Plaintiffs' declaratory judgment claim, however, is actionable only to the extent it seeks prospective relief. *Quern v. Jordan,* 440 U.S. 332, 338, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Our holding that declaratory relief is available against state courts under § 1983 does not necessarily mean that such relief will be appropriate in every case. Limits on the judicial power of federal courts stemming from accepted abstention doctrines, *see Pulliam,* 466 U.S. at 539, 104 S.Ct. 1970, *and Belill v. Hummel,* 835 F.2d 877, 1987 WL 24114, at *4 (6th Cir. 1987), and the *Rooker–Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), may well counsel against granting relief in certain circumstances. Article III's case-or-controversy requirement, moreover, operates to ensure that declaratory relief is available only when a live controversy continues to exist. *See Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). We leave any consideration of the propriety of abstention, application of *Rooker–Feldman,* or the moot-

ness doctrine to the district court in the first instance on remand.

Plaintiffs' state-law claims are not part of their appeal. We therefore need not review the district court's declining to exercise supplemental jurisdiction over those claims.

The district court's judgment is affirmed in part and vacated in part.

KAREN NELSON MOORE, Circuit Judge, concurring in the judgment. I concur in the judgment.