CLAY, Circuit Judge.
Plaintiff Robert Davis moves this Court for an emergency order to expedite his appeal pursuant to Sixth Circuit Court of Appeals Rule 27(f). Plaintiff appeals the dismissal of his claims against The Honorable Robert J. Colombo, Jr., Chief Judge of the Wayne County Circuit Court, for constitutional violations under 42 U.S.C. § 1983 based on his First Amendment right to free speech and Fourteenth Amendment right to due process.
In this appeal, Plaintiff is essentially requesting that this Court prohibit Judge Colombo from presiding over a future election-related quo warranto complaint he plans to file on November 9, 2016, which will name Judge Colombo as a defendant and allege election fraud arising from orders Judge Colombo entered in prior state court election-related matters.[1]
For the following reasons, we DISMISS this appeal in its entirety for lack of subject matter jurisdiction and REMAND to the district court with instructions to dismiss any and all pending claims for lack of subject matter jurisdiction. As a result of this decision, Plaintiffs emergency motion to expedite the briefing schedule and this Court’s decision is DENIED AS MOOT.
A. Background
Plaintiffs suit arises out of his interactions with the Wayne County, Michigan court system. Defendants in the instant complaint are individuals who work for the state government, Wayne County Election Commission, and the state court system, including Judge Colombo. The district court dismissed Plaintiffs claims against Judge Colombo on the basis of the Rook-er-Feldman doctrine and judicial immunity. The district court also dismissed co-Plaintiff Tawanna Simpson from the case and held all proceedings in abeyance while Plaintiff proceeds with the formal administrative process provided by M.C.L. § 169.215(2).[2]
On appeal, Plaintiff (1) requests that this Court remove Judge Colombo from presiding over the future state election-related matter Plaintiff plans to file on November 9, 2016, and (2) challenges the district court’s judicial immunity and Rooker-Feldman rulings. Because we determine that this Court and the district court lack subject matter jurisdiction over any of the claims asserted in this action, we only address Plaintiffs challenge to the Rooker-Feldman ruling inasmuch as- the request to remove Judge Colombo and the judicial immunity challenge should be left to the state court to determine.
*448 B. Standard of Review
This Court reviews de novo the district court’s ruling that the Rooker-Feldman doctrine precluded subject matter jurisdiction over the claims against Judge Colombo. McCormick v. Braverman, 451 F.3d 382, 389 (6th Cir. 2006). The Rooker-Feld-man doctrine applies “when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law.” McCormick, 451 F.3d at 395. “The key-inquiry in deciding whether Rooker-Feld-man applies is determining the source of the plaintiffs’ alleged injury.” Reguli v. Guffee, 371 Fed.Appx. 590, 595 (6th Cir. 2010). “If the source of the injury is the state court decision, then the Rooker-Feld-man doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party’s actions, then the plaintiff asserts an independent claim.” McCormick, 451 F.3d at 393.
C. Analysis
The claims in Plaintiffs instant complaint “could be read as challenges to state court orders which are barred by the Rooker-Feldman doctrine.” Reguli, 371 Fed.Appx. at 595. These allegations arise from state court orders concerning'challenges to various candidates on the ballot for the Detroit Community School District Board of Education.
Specifically, Counts I through III of the instant complaint arise from Plaintiffs challenge to a provision of the Michigan Campaign Finance Act, Mich. Comp. Laws §§ 169.247(1), (6) (1976), which prohibits the distribution of anonymous campaign literature unless the distributor is acting independently of a candidate or committee. Plaintiff asserts that Judge Colombo and other individuals employed by the state government, the state court system, and the election commission violated his First Amendment right to free speech by adversely ruling against him in prior state court actions and by not appealing Judge Colombo’s decision as they relate to his challenges to the board of education candidates.
Counts IV through V, and VIII through IX, allege facts relating to the state action, Bailer v. Wayne Cty. Election Comm’n, Wayne County Circuit Court Case No. 16-011797-AW, filed on September 14, 2016, in which Plaintiff and his sister, Desmond White, moved to intervene as parties in an action brought by Penelope Bailer. Bailer moved the court to reinstate her on the ballot because the Wayne County Election Commission removed her from the ballot due to the fact that she did not include her ward and precinct number in her Affidavit of Identity. Plaintiff alleges in the instant complaint that he was the one that informed the Wayne County Election Commission of the deficiencies in Bailer’s Affidavit of Identity. Judge Colombo denied Plaintiff and White’s motion to intervene as moot and for lack of standing, and granted Bailer’s writ of mandamus and ordered the Wayne County Election Commission to place Bailer’s name on the ballot as a candidate for the City of Detroit Community School District. Plaintiff appealed to the Michigan Court of Appeals, which held that Plaintiff had no standing to appeal Judge Colombo’s order. See Bailer v. Detroit City Clerk, No. 334823, 2016 WL 5328522 (Mich. Ct. App. Sept. 21, 2016). Plaintiff then sought leave to appeal to the Michigan Supreme Court, which denied his application for leave to appeal. See Bailer v. Detroit City. Clerk, 884 N.W.2d 788 (Mich. 2016). In the instant complaint, Plaintiff alleges that the Wayne County Election Commission retaliated against him by failing to appeal Judge Colombo’s order since Plaintiff brought *449 the deficiencies in Bailer’s affidavit to the Election Commission’s attention. Plaintiff goes on to allege that “[t]he Defendant Election Commission thus so retaliated against Plaintiff Davis for exercising his First Amendment Rights by purposefully failing and refusing to appeal Defendant Judge Colombo’s erroneous ... Order.” (R. 10, Amended Complaint, Pa-gelD# 185.)
Count VI relates to another election case, Davis v. Garrett, Wayne County Circuit Court Case No. 16-012226-AW, filed on September 23, 2016, in which Plaintiff and his sister filed a complaint against Wayne County court employees, the Wayne County Election Commission, Bail-er, and the Detroit City clerk. Plaintiff and White sought removal of Bailer’s name from the 1,300,000 ballots that had been printed and delivered. Judge Colombo dismissed the complaint as violative of Michigan Court Rule 2.114(D)(2), (3) and barred by the doctrine of laches. Judge Colombo found that Plaintiff, White and their attorney, Andrew Paterson, filed a frivolous complaint not grounded in fact and not warranted by existing law or a good-faith argument. Judge Colombo also subjected Plaintiff, White, and Paterson to attorney fees and costs. Plaintiff then filed a motion for disqualification of Judge Colombo which was denied in an order by judge Colombo and in an order entered by The Honorable Timothy M. Kenny, Judge Pro Tem of the Wayne County Circuit Court. Plaintiff filed an application for leave to appeal, which was denied by the Michigan Supreme Court prior to decision by the Michigan Court of Appeals because the Michigan Supreme Court was not persuaded that the questions presented should be reviewed before consideration by the Michigan Court of Appeals. See Davis v. Wayne Circuit Clerk, 500 Mich. 877, 885 N.W.2d 473 (2016).
Count VII relates to Judge Colombo’s opinion ordering Bailer’s name to be put back on the ballot in Bailer v. Wayne Cty. Election Comm’n, Wayne County Circuit Court Case No. 16-011797-AW. In the instant complaint, Plaintiff claims that this order created the alleged election fraud which he claims will be the basis of his November 9, 2016 quo warranto action against Judge Colombo and other individuals.
Plaintiff is essentially moving the district court and this Court to remove Judge Colombo from a future election-related quo warranto matter in Wayne County Circuit Court which he plans to file on November 9, 2016 concerning alleged election fraud stemming from Judge Colombo’s prior state court orders. The injuries alleged by Plaintiff in the instant complaint are purportedly caused by the judicial orders handed down by Judge Colombo. See McCormick, 451 F.3d at 391-92 (“In both [Rooker and Feldman], the losing party in state court filed suit in federal court after the state court proceedings ended, complaining of an injury caused by the state-court judgment and seeking rejection of that judgment. Plaintiffs in both cases, alleging federal-question jurisdiction, called upon the District Court to overturn an injurious state-court judgment.”) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 289, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)); see also Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004) (“[A] federal claim is inextricably intertwined with a state court judgment and thus implicates Rooker-Feldman when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.” (internal quotations and citation omitted).) Moreover, the instant complaint fails to assert an independent claim that would’ bring the case outside the scope of the Rooker-Feldr *450 man doctrine. McCormick, 451 F.3d at 393.
We recognize that there is an argument that Rooker-Feldman does not bar Davis’ claims where there has been no state-court judgment. The only claims of this type that we have identified relate to Davis’ allegations in Counts VI and VII, in which he challenges the local administrative rules requiring all election cases to be submitted to Judge Colombo, including the upcoming case in which Judge Colombo is allegedly going to be a defendant, and asks for the removal of Judge Colombo. But these claims are barred as well, even if Rooker-Feldman is inapplicable. By virtue of a 1996 amendment to 42 U.S.C. § 1983, the statute prohibits the granting of injunctive relief against judicial officers for acts taken in their official capacities, except in situations where a declaratory decree has been violated or is unavailable. Ward v. City of Norwalk, 640 Fed.Appx. 462, 467 (6th Cir. 2016). Davis makes no argument that declaratory relief is unavailable. Of course, courts exercise discretion in granting declaratory relief and granting Davis relief might well be seen as an improper encroachment on state jurisdiction. See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 554 (6th Cir. 2008) (noting that “whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction” as one factor for federal courts to consider when determining whether to exercise their declaratory-judgment authority). And ripeness would certainly be an issue as well. In addition, Davis has an alternative remedy under Michigan law. See Mich. Ct. R. 2.003 (outlining the conditions under which a party may request the removal of a judge from its case); see also Flowers, 513 F.3d at 554 (listing “whether there is an alternative remedy which is better or more effective” as another factor weighing against the exercise of declaratory-judgment authority). But none of that means the relief is unavailable. Thus, based on the language of § 1983, this Court has no authority to grant any relief to Davis regarding claims asserted in Counts VI and VII.[3]
In conclusion, we find that this entire matter should be in state court since we lack subject matter jurisdiction to entertain it. Therefore, the district court and this Court are precluded from reviewing Plaintiffs challenges to the state court orders.
Although not pertinent to the adjudication of this appeal, we find it important to note that Plaintiff Robert Davis and his attorney, Andrew Paterson, have a prolific history litigating cases in Michigan state courts and federal courts. Their filings could be defined, in many instances, as repetitive, vexatious, and frivolous. As it pertains to this appeal, Plaintiff filed in state court and federal district court a complaint involving the upcoming election, Plaintiff attempted to intervene in another action involving the upcoming election, and Plaintiff filed countless appeals in all three actions. This litigation history eneompass- *451 es only those election-related matters from September and October of 2016 that are connected to the instant appeal.
Prolific and vexatious litigators “which abuse[ ] the judicial process” can be appropriately sanctioned for such conduct. See generally Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing a court’s inherent authority to fashion an appropriate sanction for an attorney who abuses the judicial process and acts in bad faith, vexatiously, wantonly, or for oppressive reasons). Plaintiffs filings related to the instant “emergency” appeal border on the line of vexatious inasmuch as the proper forum for Plaintiffs alleged injuries is clearly the state court.
To the extent that Plaintiff is dissatisfied with the disposition of his matter before the Wayne County Circuit Court, there exists an adequate state court appellate process via appeal to the Michigan Court of Appeals and the Michigan Supreme Court. Federal court review of state court rulings is ordinarily precluded by Rooker-Feldman where the state has made appellate review available in the state courts. See McCormick, 451 F.3d at 396 (“The Rooker-Feldman doctrine prevents a party who loses in state court from appealing that decision to the lower federal courts, as only the Supreme Court has appellate jurisdiction over state court decisions.”) Plaintiff should not be allowed to “waste the court’s time and resources with cantankerous conduct.” Chambers, 501 U.S. at 53, 111 S.Ct. 2123 (citation and internal quotation marks omitted).
D. Conclusion
Accordingly, we DISMISS this appeal in its entirety for lack of subject matter jurisdiction and REMAND to the district court with instructions to dismiss any and all pending claims for lack of subject matter jurisdiction.

. Local Administrative Order 2015-15 for the State of Michigan Third Judicial Circuit provides that all actions involving election issues shall be assigned to Judge Colombo for purpose of administrative efficiency. (See R. 10-10, Ex. I, Local Administrative Order 2015-15.)

. On October 31, 2016, ten days after Plaintiff filed his notice of appeal, Plaintiff, through his attorney, Andrew-Paterson, filed an emergency motion to reopen the case in district court. (See R. 28, Emergency Motion to Reopen Case; R. 26, Notice of Appeal.) On November 1, 2016, the district court denied Plaintiff’s motion. (See R. 29, Order Denying Emergency Motion to Reopen Case.) Because the notice of appeal divested the district court of jurisdiction over those aspects of the case involved in the appeal, the district court should have struck the emergency motion from the docket as an improper filing. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.”)

. The separate concurrence/dissent filed in connection with this matter incorrectly asserts that this Court's ruling departs from "this court’s usual practice of issuing a show cause order ... when we question our jurisdiction sua sponte.” Contrary to this assertion, our Court has no requirement of always issuing a show cause order when a case is filed in the absence of jurisdiction. See Kontrick v. Ryan, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884) (challenge to a federal court’s subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question sua sponte))', Fed. R. Civ, P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")