NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0303n.06
No. 22-4027

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 30, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| THOMAS D. EMBRY, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| LIZA KOTLARSIC, Clerk of Court, City of Fairfield | ) | SOUTHERN DISTRICT OF |
| Municipal Court, | ) | OHIO |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

Before: GILMAN, LARSEN, and NALBANDIAN, Circuit Judges.

LARSEN, Circuit Judge.  Thomas Embry brought a 42 U.S.C. § 1983 claim against the

clerk of the Fairfield, Ohio Municipal Court for failing to return the entirety of a bond he posted

on behalf of a third party.  The district court found that sovereign immunity barred Embry's claim.

We AFFIRM.

I.

Jessica Ann Taylor was convicted of attempted falsification in Fairfield Municipal Court

(Municipal Court).  She was ordered to pay a fine of $500, as well as $900 in probation fees and

$145 in other fees and costs, for a total of $1,545.  When Taylor failed to pay the debt, she was

held on criminal contempt charges.  Taylor's friend, Thomas Embry, posted a $3,500 bond, as well

as a $25 fee, with the Municipal Court to free Taylor from confinement.  The Municipal Court

ultimately dismissed Taylor's contempt charge but ordered her to pay an additional dismissal fee

of $46.  After Taylor was released, the Municipal Court returned $1,934 to Embry, deducting the

$46 fee to dismiss Taylor's claim as well as the $1,545 in fines and costs incurred for Taylor's falsification charge from the $3,525 Embry paid the Municipal Court.

Embry then brought this lawsuit under 42 U.S.C. § 1983 in federal district court. His complaint sought "[c]ompensatory damages" from Liza Kotlarsic, the clerk of the Municipal Court, for allegedly depriving him of $3,525, in violation of the Fourteenth Amendment. Kotlarsic moved to dismiss. The district court granted the motion, holding that sovereign immunity barred Embry's claim. Embry appeals.

II.

We review the district court's decision on sovereign immunity de novo. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Embry sued Kotlarsic in her official capacity, so his lawsuit is "in all respects other than name, to be treated as a suit against the entity": the Municipal Court. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). We agree with the district court that sovereign immunity protects the Municipal Court from suit.

Sovereign immunity applies to "lawsuits against the State or 'an arm of the State.'" *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 334 (6th Cir. 2022) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). To determine whether the Municipal Court is an arm of the State, we consider (1) the State of Ohio's "potential liability" for a judgment against the Municipal Court; (2) the way state law describes the Municipal Court and "the degree of state control and veto power over the [Municipal Court's] actions"; (3) whether state officials control membership on the Municipal Court; and (4) "the extent to which the [Municipal] Court's 'functions fall within the traditional purview of state or local government.'" *Id.* (quoting *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005) (en banc)).

The parties do not dispute that the municipality—not the State—would have to satisfy any judgment in Embry's favor. This factor helps Embry, but it is not dispositive. *Neff*, 29 F.4th at 330; *see also Ward v. City of Norwalk*, 640 F. App'x 462, 465 (6th Cir. 2016) (concluding that the Norwalk Municipal Court was entitled to sovereign immunity even though its municipal corporation would pay the judgment). And each of the other three factors indicates that the Municipal Court is an arm of the State. First, regarding state control, we noted in *Neff* that the Ohio Constitution created a "unified state judicial system," 29 F.4th at 330 (citation omitted), vesting the judicial power of the state "in a supreme court, courts of appeals . . . and such other" inferior courts to be established by law, Ohio Const. art. IV, § 1, including the Municipal Court, *see* Ohio Rev. Code § 1901.01(A). Ohio municipal courts are thus "state courts" under the Ohio Constitution. Second, state officials control membership on the court—judicial vacancies in the municipal courts are filled by the Ohio Supreme Court, Ohio Rev. Code § 1901.121, and the state legislature can remove state judges, Ohio Const. art. IV, § 17; *cf. Neff*, 29 F.4th at 331. And finally, "state courts quintessentially fall within the traditional purview of state government" because they serve as the State's "adjudicative voice." *Neff*, 29 F.4th at 331 (internal quotation marks and citations omitted). As we recently concluded with respect to juvenile courts in Ohio: "If any entity qualifies as an arm of the State, a state court does." *Id.*; *see also Hohenberg v. Shelby County*, 68 F.4th 336, 343 (6th Cir. 2023) (concluding that a Tennessee environmental court was not a "person" subject to suit under 42 U.S.C. § 1983, in part because it would be "difficult to understand why § 1983 would create a right to sue an entity that could always assert immunity from suit"). Like the Ohio courts at issue in *Neff* and *Norwalk*, we conclude that the Fairfield Municipal Court is an arm of the state.

Embry makes a final attempt to evade sovereign immunity by arguing that he is not seeking damages from the Municipal Court, but rather the return of his bail money. But Embry's complaint—drafted by counsel—unambiguously requests "compensatory damages in an amount to be determined at trial" based on the "actual damage" he suffered at the hands of the Municipal Court. And, as the district court rightly noted, "[s]uits seeking compensatory monetary damages are the exact suits barred by Eleventh Amendment immunity." *Embry v. Kotlarisc*, No. 1:22-CV-006, 2022 WL 17327290, at *3 (S.D. Ohio Nov. 29, 2022); *see also Ernst*, 427 F.3d at 358 ("[Sovereign] immunity . . . applies to actions against state officials sued in their official capacity for money damages."); *Cooper*, 527 F.3d at 508 ("The Ex parte Young exception does not . . . extend to any retroactive relief."). Only in his sur-reply in the district court did Embry attempt to argue that he was seeking some other form of relief. The district court refused to permit Embry effectively to "amend his Complaint through his memorandum in opposition to a motion to dismiss." *Embry*, 2022 WL 17327290, at *3 (quoting *Grant v. Montgomery County*, No. 3:19-cv-80, 2021 WL 1192568, at *5 (S.D. Ohio Mar. 30, 2021)). That was not error. So it was also not error for the district court to dismiss Embry's suit on the ground that it is barred by sovereign immunity.

* * *

We AFFIRM.